ANSTEAD, Judge,
dissenting.
I would reverse because of the admission of improper hearsay testimony indicating *381 that appellant’s mother and girlfriend had provided the police with information upon which the police were able to secure a warrant for the appellant’s arrest. On this issue this case is almost identical to Postell v. State, 398 So.2d 851 (Fla. Bd DCA), rev. denied, 411 So.2d 384 (Fla.1981), where the third district found error in the receipt of testimony that a police officer spoke with an unidentified woman and then proceeded to Postell’s home and arrested him. In my view, the appellant’s brief has it right when it says:
In the present case, the State not only elicited testimony that after receiving information from a non-testifying source, the police obtained an arrest warrant for Appellant and another individual, it specified that the source of the officer’s information was Appellant’s mother and girlfriend. It doesn’t take a rocket scientist to make the logical inference from that data. The effect of this evidence, then, was to bring impermissible hearsay evidence before the jury, thereby violating Appellant’s confrontation rights under the Sixth Amendment. Consequently, his conviction must be reversed and this cause remanded for a new trial.